UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No.: 99-8826-CIV-FERGUSON/Snow

ARTHUR KAUFMAN, )
)
    Plaintiff, )
)
vs. )
)
SPIRIT AIRLINES, INC., a foreign )
corporation, and JOHN ROBERTSON, )
)
    Defendants. )
_____ )

## DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant, JOHN ROBERTSON, by and through undersigned counsel hereby files his Amended Answer and Affirmative Defenses to the Complaint filed by Plaintiff, ARTHUR KAUFMAN, (hereinafter "PLAINTIFF") and states:

## AMENDED ANSWER

### COUNT I

1. Denied.

2. Without knowledge as to the allegations contained in paragraph 2, and therefore denied.

3. Without knowledge as to the allegations contained in paragraph 3, and therefore denied.

4. Denied.



THORNTON, DAVIS & MURRAY, P.A., ATTORNEYS AT LAW
BRICKELL BAY VIEW CENTRE SUITE 2900 80 SOUTHWEST 8TH STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 446-2646

Case No. 99-8826-CIV-FERGUSON

5. It is admitted that JOHN ROBERTSON was on December 17, 1998 and continues to be an employee of SPIRIT AIRLINES, INC. All remaining allegations are denied.

6. Without knowledge as to the allegations contained in paragraph 6, and therefore denied.

7. Without knowledge as to the allegations contained in paragraph 7, and therefore denied.

8. Without knowledge as to the allegations contained in paragraph 8, and therefore denied.

9. Denied.

10. It is admitted that JOHN ROBERTSON was on December 17, 1998 and continues to be an employee of SPIRIT AIRLINES, INC. All remaining allegations are denied.

11. Denied.

12. Without knowledge as to the allegations contained in paragraph 12, and therefore denied.

13. Denied.

## COUNT II

14 - 29. JOHN ROBERTSON has filed a Motion to Dismiss and in the alternative a Motion to Strike with regard to Count II of PLAINTIFF's Complaint.

## COUNT III

30 - 34. JOHN ROBERTSON has filed a Motion to Dismiss with regard to Count III of PLAINTIFF's Complaint.

Thornton, Davis & Murray, P.A.    ATTORNEYS AT LAW
BRICKELL BAY VIEW CENTRE, SUITE 2900, 80 SOUTHWEST 8TH STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 446-2646

Case No. 99-8826-CIV-FERGUSON

All allegations, averments, or paragraphs not expressly admitted are denied and strict proof is demanded.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. PLAINTIFF may not bring a claim for false imprisonment where a police officer had probable cause to confine the PLAINTIFF.

### SECOND AFFIRMATIVE DEFENSE

36. Private citizens are not liable for false imprisonment resulting from mistakenly reporting an incident to the police that results in the alleged actor's imprisonment where citizen made such report in good faith.

### THIRD AFFIRMATIVE DEFENSE

37. Probable cause defense extends to reporting of a crime when there is a belief that the crime reported has been committed.

## COMPULSORY COUNTERCLAIM AGAINST PLAINTIFF, ARTHUR KAUFMAN

Defendant, JOHN ROBERTSON, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 13(a) and 15(a), hereby files this, his Compulsory Counterclaim against Plaintiff, ARTHUR KAUFMAN (hereinafter "PLAINTIFF"), and alleges as follows:

### COUNT I - VIOLATION OF SECTION 2511 OF TITLE 18 OF THE UNITED STATES CODE

1. At all times material hereto, JOHN ROBERTSON was a resident of the State of Texas.

THORNTON, DAVIS & MURRAY, P.A. ATTORNEYS AT LAW
BRICKELL BAYVIEW CENTRE, SUITE 2900, 80 SOUTHWEST 8TH STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 446-2646

Case No. 99-8826-CIV-FERGUSON

2. At all times, SPIRIT AIRLINES, INC. was a Delaware corporation, with its principal place of business in Florida.

3. At all times material hereto, PLAINTIFF was a resident of Palm Beach County, Florida.

4. On or about December 17, 1998, the PLAINTIFF was a passenger on an airplane flight operated by SPIRIT AIRLINES, INC. from Islip, New York to West Palm Beach, Florida.

5. On said flight, PLAINTIFF willfully intercepted and taped oral communications made by JOHN ROBERTSON to PLAINTIFF, in which JOHN ROBERTSON had an expectation of privacy.

6. PLAINTIFFS interception and taping of JOHN ROBERTSON was not authorized by JOHN ROBERTSON or his employer, SPIRIT AIRLINES, INC.

7. PLAINTIFF's unauthorized and willful interception and taping of JOHN ROBERTSON took place on the premises of a business or other commercial establishment the operations of which affect interstate commerce or foreign commerce.

8. PLAINTIFF willfully violated the provisions of Section 2511 of Title 18 of the United States Code.

9. PLAINTIFF'S willful violation of Section 2511 of Title 18 of the United States Code creates a cause of action under Section 2520 of Title 18 of the United States Code.

10. JOHN ROBERTSON is entitled to damages including injunctive relief, actual or liquidated damages, punitive damages, and reasonable attorney's fees and other litigation costs reasonably incurred.

4

Case No. 99-8826-CIV-FERGUSON

WHEREFORE, JOHN ROBERTSON requests damages with costs and an award of attorney's fees.

## COUNT II - VIOLATION OF FLORIDA SECURITY OF COMMUNICATIONS ACT

11. At all times material hereto, JOHN ROBERTSON was a resident of the State of Texas.

12. At all times, SPIRIT AIRLINES, INC. was a Delaware corporation, with its principal place of business in Florida.

13. At all times material hereto, PLAINTIFF was a resident of Palm Beach County, Florida.

14. On or about December 17, 1998, the PLAINTIFF was a passenger on an airplane flight operated by SPIRIT AIRLINES, INC. from Islip, New York to West Palm Beach, Florida.

15. On said flight, PLAINTIFF willfully intercepted and taped oral communications made by JOHN ROBERTSON to PLAINTIFF, in which JOHN ROBERTSON had an expectation of privacy.

16. PLAINTIFF'S interception and taping of JOHN ROBERTSON was not authorized by JOHN ROBERTSON or his employer, SPIRIT AIRLINES, INC.

17. PLAINTIFF intercepted and taped JOHN ROBERTSON's oral communications with the PLAINTIFF in West Palm Beach, Florida.

18. PLAINTIFF intentionally used an electronic, mechanical, or other device to intercept an oral communication in West Palm Beach, Florida.

19. PLAINTIFF intentionally violated Florida Statutes § 934.03.

THORNTON, DAVIS & MURRAY, P.A. — ATTORNEYS AT LAW
BRICKELL BAY TECH CENTRE, SUITE 2900, 80 SOUTHWEST 8TH STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 446-2646

Case No. 99-8826-CIV-FERGUSON

20. PLAINTIFF's intentional violation of Florida Statutes § 934.03 creates a cause of action under Florida Statutes § 934.10.

21. JOHN ROBERTSON is entitled to damages including actual or liquidated damages, punitive damages and a reasonable attorney's fee and other litigation costs incurred.

WHEREFORE, JOHN ROBERTSON requests damages with costs and an award of attorney's fees.

## DEMAND FOR JURY TRIAL

Defendant, JOHN ROBERTSON hereby demands a trial by jury as to all issues so triable by right.

WHEREFORE, having fully responded to PLAINTIFF's Complaint, the Defendant, JOHN ROBERTSON, prays that judgment be entered in his favor and that he be awarded all taxable costs and such further relief as this Court deems just and appropriate.

THORNTON, DAVIS & MURRAY, P.A.
Attorneys for Defendants

By: _____
MANUEL GURDIAN
Florida Bar No. 162825
**J. THOMPSON THORNTON**
Florida Bar No. 356107

6

Case No. 99-8826-CIV-FERGUSON

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U. S. Mail this 5th day of November, 1999 to: CHRIS MANCINO, ESQ., Attorney for Plaintiff, P. O. Box 167, Ft. Lauderdale, FL 33302.

**THORNTON, DAVIS & MURRAY, P.A.**
Attorneys for Defendants
Brickell BayView Centre, Suite 2900
80 Southwest 8th Street
Miami, FL 33130
Telephone: (305) 446-2646
Fax: (305) 441-2374

By: _____
**J. THOMPSON THORNTON**
Florida Bar No. 356107
**MANUEL GURDIAN**
Florida Bar No. 162825

H:\Library\52756\plead\answerrobert.wpd

THORNTON, DAVIS & MURRAY, P.A.   ATTORNEYS AT LAW
BRICKELL BAY VIEW CENTRE, SUITE 2900, 80 SOUTHWEST 8TH STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 446-2646