UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION
Case No. 99-8826-CIV-FERGUSON/Snow

ARTHUR KAUFMAN,

        Plaintiff,

vs

U.S. AIRWAYS, INC. a foreign corporation,

        Defendant.
_____/

## ANSWER TO COUNTERCLAIMS, AFFIRMATIVE DEFENSES AND MOTION TO DISMISS

COMES NOW the Plaintiff/Counter-Defendant, ARHTUR KAUFMAN, by and through the undersigned attorney and files this Answer to the Counterclaim of JOHN ROBERTSON, Counter Plaintiff, and states as follows:

### COUNT I

1. Plaintiff is without knowledge as to the allegations of Count 1 and is therefore denied.

2. Plaintiff is without knowledge as to the allegations of Count 2 and is therefore denied.

3. Count 3 is admitted.

4. Count 4 is admitted.

5. Count 5 is admitted to the extent that an oral communication made by JOHN ROBERTSON to Plaintiff was recorded, in all other respects this allegation is denied.

6. Count 6 is denied.

7. Count 7 is denied.

8. Count 8 is denied.

9. Count 9 is denied.

10. Count 10 is denied.

11. Plaintiff is without knowledge as to the allegations of Count 11 and is therefore denied.

12. Plaintiff is without knowledge as to the allegations of Count 12 and is therefore denied.

13. Count 13 is admitted.

14. Count 14 is admitted.

15. Count 15 is admitted to the extent that an oral communication made by JOHN ROBERTSON to Plaintiff was recorded, in all other respects this allegation is denied.

16. Count 16 is denied.

17. Count 17 is admitted to the extent that the oral communication was made in Palm Beach County, Florida.

18. Count 18 is denied.

19. Count 19 is denied.

20. Count 20 is denied.

21. Count 21 is denied.

### First Affirmative Defense

22. Counter Plaintiff, JOHN ROBERTSON may not bring an action under Section 2511 of Title 18 for unlawful interception where a person who is a party to the communication has made the recording in accord with 18 U.S.C. 2511 (2)(d).

### Second Affirmative Defense

23. Counter Plaintiff had no reasonable expectation of privacy in making the statements

that were the subject of the recording under Florida Law.

### Third Affirmative Defense

24. Federal law permitted the recording complained of by Counter Plaintiff and as such the complaint made in Count II of the Counterclaim is barred by the provisions of Florida Statutes Section 934.10 (2)(b).

### Fourth Affirmative Defense

25. Florida law permitted the recording complained of by Counter Plaintiff and as such the complaint made in Count II of the Counterclaim is barred by the provisions of Florida Statutes Section 934.10 (2)(b).

### Motion to Dismiss Count I

26. Federal Statute 18 U.S.C. 2511 (2)(d) law permits the recording complained of by Counter Plaintiff and as such the complaint made in Count I of the Counterclaim should be dismissed since the complaint otherwise fails to state a cause of action upon which relief can be granted.

### Motion to Dismiss Count II

27. Florida Statutes Section 934.10 (2)(b) provides a complete defense to the claims made under Section 934.03 and since the complaint made in Count II of the Counterclaim does not otherwise state grounds for a cause of action against Plaintiff, it should be dismissed since the complaint fails to otherwise state a cause of action upon which relief can be granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by fax and U.S. Mail to Manuel Gurdian, Esquire, Thornton, Davis & Murray, P.A. Brickell Bay Centre, Suite 2900, 80 Southwest 8th Street, Miami, Florida 33130 this 6th day of January, 2000.

Chris Mancino, Esq.
Attorney for Plaintiff
P.O. Box 167
Fort Lauderdale, FL 33302
(954) 463-5266
Florida Bar No. 271748